## Isaac Smith *versus* Sardis Spooner.

The *St.* 1818, *c.* 60, which, in case a guardian shall be appointed to a spendthrift, avoids " every gift, bargain, sale or transfer.of any real or personal estate," made by the spendthrift after the complaint of the selectmen to the judge of probate and the order of notice thereon shall have been filed in the registry of deeds, does not apply to promissory notes.  [But see Revised Stat. *c.* 79, § 13.]

This was an action of *assumpsit* upon a promissory note given by Spooner to the plaintiff, dated October 4, 1822, for 39 dollars.   The defendant, by J. W. Jenkins his guardian, pleaded the general issue.

On the trial in the Court of Common Pleas, before *Strong* J., it was shown, that on the 20th of August 1822, a complaint was made by the selectmen of Barre, to which town Spooner belonged, to the judge of probate, requesting a guardian to be appointed over Spooner, on account of his intemperance, idleness and wasting of property ; that the judge decreed that an order of notice should issue to Spooner to appear on the 3d Tuesday of October following, to show cause why a guardian should not be appointed, which order was served on the 27th of September ; that on the 3d Tuesday of October the judge decreed that Spooner should be put under guardianship, and on the 7th of January 1823, appointed Jenkins his guardian ; and that before the date of the note the selectmen of Barre filed a copy of their complaint, and of the order of notice thereon, in the office of the register of deeds.   It further appeared that the note was made for a valuable consideration.

The jury were instructed that the statute of 1818, *c.* 60, did not apply to this case ; whereupon the defendant filed his exceptions.

The statute referred to provides, that in case a guardian shall be appointed to a person complained against as above, " every gift, bargain, sale or transfer of any real or personal estate," made by such person after the filing of a copy of the complaint, and of the judge of probate's order of notice thereon, with the register of deeds, shall be void.

The case was argued in writing, in vacation.

*Houghton* and *Shepley* in support of the exceptions.   **The**

248

*St.* 1818, *c.* 60, is in addition to *St.* 1783, *c.* 38, and both
are to be considered as one statute. In construing a statute it
is proper to consider the object and intention of the legislature
in making it. *Holbrook* v. *Holbrook et al.* 1 Pick. 258 ; *Gib-
son* v. *Jenney*, 15 Mass. R. 205. The words of a statute
may be enlarged or restrained according to the true intent of
the makers of the law. *Whitney* v. *Whitney*, 14 Mass. R. 92.
Making the complaint to the judge of probate, and filing the
copy of the complaint and order, if a guardian is afterwards
appointed, are by the additional act made equivalent to the
actual appointment of a guardian under *St.* 1783, *c.* 38. By
a comparison it will be found, that the words of the additional
act àre as strong as those of the 7th section of the other, and
unless the contract declared on is voidable, a similar one made
by a spendthrift under guardianship will be good. If this action
can be maintained, the holder of such a note, by resorting to
legal measures, will necessarily effect a transfer of the spend-
thrift's estate, and the statutes may as well be repealed.

*Lee*, for the plaintiff, cited in regard to the construction of
statutes, *Melody* v. *Reab*, 4 Mass. R. 473 ; *Gibson* v. *Jenney*,
15 Mass. R. 205 ; 7 Mass. R. 524 ; *Pearce* v. *Atwood*, 13
Mass. R. 343.

The opinion of the Court was read as drawn up by

PARKER C. J. We think it very clear, that the decision of
the Court of Common Pleas in regard to the operation of *St.*
1818, *c.* 60, was correct.

Every man of full age and sound mind is at liberty to make
contracts, and if made upon good consideration and without
fraud, he must be bound by them, unless by statute provision
he is disabled. And disabling statutes of that nature should be
construed strictly, for though founded in policy and a just re-
gard to the public welfare, they are in derogation of private
rights.[1]

The statute makes void all and every gift, bargain, sale or
transfer of any real or personal estate, made after the filing of
a copy of the complaint &c. against one as a spendthrift with
the register of deeds. The promissory note declared on is not

Smith
*v*
Spooner

*April* 1825

---

[1] *Ash* v. *Abdy*, 3 Swanston, 664.

within the words certainly, and we think not within the spirit of that provision.

It is true that by means of a note or other contract made on the eve of a disability to contract, the real and personal estate of the party may be indirectly affected, but the mischief was not sufficiently obvious to induce the legislature to extend their protection thus far. Nor was there the same reason for avoiding these contracts, as for avoiding gifts &c. of real or personal estate ; for if the note shall be given without consideration, it may be avoided ; if with consideration, the spendthrift has received his equivalent ; whereas in the case of gifts, &c., they might be good without consideration, if made without fraud. No argument can be drawn in favor of the defendant from the difference of the two statutes. The subject matter is the same in both ; the latter statute merely anticipates the period when the acts shall become void. We ought not to proceed faster than the legislature on this subject ; if the public interest requires that all debts contracted shall be avoided, it will be so enacted.[1]

*Judgment affirmed.*

[1] But see *Manson* v. *Felton*, 13 Pick. 206, where the doctrines of the case of *Smith* v. *Spooner* are somewhat restrained. It is there held, that a spendthrift under guardianship is not competent to make a valid contract for the payment of money. See also Revised Stat. *c.* 79, § 13.